UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FRANK McGHEE,
   Plaintiff,

vs.                                                           No. 07-1013

JOYCE FIREL,
   Defendant,

## ORDER

This cause is before the court for merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." The plaintiff participated in the hearing by video conference.

The plaintiff brings this lawsuit pursuant to 42 U.S.C. §1983 against one defendant, Pontiac Correctional Center Nurse Joyce Firel. The plaintiff says on January 20, 2005, he was taken to the Health Care Unit after he fell down stairs. While he was there, Nurse Firel asked the plaintiff he if wanted a flu shot. The doctor who was examining the plaintiff told him that he did not have to have the flu shot if he did not want to. However, the plaintiff says he did agree to allow the nurse to give him the shot.

The plaintiff says he was transferred to a different institution. In August of 2005, the plaintiff says:

> I started having some kind of out breaks on the head of my penis. Immediately
> I knew that was no flu shot Nurse Joyce injected in me because I am not Gay
> and I haven't had sex since I was in the free world an that was over 16 years
> ago. (Comp, p. 5)

The plaintiff says he did see a doctor who gave him cream for a skin condition. The plaintiff says he still has outbreaks. During the merit review hearing, the plaintiff said he is certain that the nurse intentionally gave him something other than a flu shot. When asked why he was sure of this fact, the plaintiff stated that he knew his body and he was a healthy person.

The court finds the allegations in the plaintiff's complaint are frivolous. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or

wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 33 (1992); *see also Johnson v. Stovall,* 233 F.3d 486 (7th Cir. 2000). The plaintiff has no basis for his believe that he was injected with something other than a flu shot nor does he have any basis for his belief that the injection lead to his medical problems seven months later. The plaintiff admits he was seen and treated by a doctor and received creams for a skin condition.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's complaint is dismissed without prejudice as factually frivolous. 28 U.S.C. §1915A.**

**2) The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory filing fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.**

**3) The dismissal counts as a strike against the plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g). The clerk is directed to record the strike against the plaintiff.**

**4) The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.**

**5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Enter this 20th day of February, 2007.

                      **s\Harold A. Baker**
                    _____
                        HAROLD A. BAKER
                   UNITED STATES DISTRICT JUDGE